IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DARRIN KEITH BROWN, §
TDCJ-CID NO.1153943, §
    Petitioner, §
§
v. §   CIVIL ACTION NO. H-07-700
§
NATHANIEL QUARTERMAN, §
    Respondent. §

## MEMORANDUM AND ORDER ON DISMISSAL

Petitioner Darrin Keith Brown, an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2003 state court felony conviction. (Docket Entry No.1). After considering the entire record and the applicable law, the Court will deny petitioner federal habeas relief for the reasons to follow.

### Procedural History

Petitioner reports that, on January 10, 2003, he was convicted in the 337th Criminal District Court of Harris County, Texas, of possession of a controlled substance and sentenced to thirty-five years confinement in TDCJ-CID in cause number 897761. Petitioner's conviction was subsequently affirmed, and his Petition for Discretionary Review ("PDR") was denied on October 20, 2004. Brown v. State, No.01-03-00067-CR (Tex. App.-Houston [1st Dist.], 2004, pet. ref'd). Although petitioner did not file a petition for writ of certiorari with the United States Supreme Court, his time to do

so expired ninety days after the PDR was refused. SUP. CT. R. 13.1. Thus, petitioner's conviction became final for purposes of federal habeas corpus review on or about January 20, 2005. *See* 28 U.S.C. § 2244(d)(1)(A).

On August 23, 2006,[1] petitioner filed a state application for writ of habeas corpus, which the Texas Court of Criminal Appeals denied without written order on the trial court's findings without a hearing on December 13, 2006. (Docket Entry No.1). Petitioner filed the pending federal petition for a writ of habeas corpus on or about February 21, 2007.[2] (Docket Entry No.1). Therefore, petitioner's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Lindh v. Murphy, 521 U.S. 320 (1997).

Petitioner seeks federal habeas relief on the following grounds:

1. The AEDPA is unconstitutional;

2. The evidence was insufficient to show that he possessed any controlled substance or contraband on

---

[1] Information obtained telephonically from a Harris County Deputy Clerk.

[2] The district clerk actually recorded the petition as filed on February 27, 2007, but petitioner signed and dated the petition on February 21, 2007. For statute of limitations purposes, the Court treats the date a *pro se* prisoner deposits a federal petition in the mail as the filing date. Fisher v. Johnson, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)).

      the night that he was arrested;

3. His conviction was obtained by use of evidence that was obtained from an unlawful arrest; and,

4. He was denied the effective assistance of counsel at trial and on appeal.

(Docket Entry No.1).

## Statute of Limitations

Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual

>           predicate of the claim or claims
>           presented could have been discovered
>           through the exercise of due
>           diligence.
>
>     (2)   The time during which a properly filed
>           application for State post-conviction or other
>           collateral review with respect to the pertinent
>           judgment or claim is pending shall not be
>           counted toward any period of limitation under
>           this subsection.

28 U.S.C. § 2244(d)(1)-(2). The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh, 521 U.S. 320). Because petitioner's petition was filed well after that date, the one-year limitations period applies to his claims. See Flanagan, 154 F.3d at 198.

Although the statute of limitations is an affirmative defense, the courts are authorized to raise such defenses *sua sponte* in habeas actions. Kiser v. Johnson, 163 F.3d 326, 329 (5th Cir. 1999). This Court may therefore properly determine at the outset whether petitioner's petition is timely or not. As noted above, under AEDPA, petitioner's one-year limitation period began on or about January 20, 2005, the last day petitioner could have filed a petition for discretionary review with the Texas Court of Criminal Appeals. That date triggered the one-year limitations period which expired on January 20, 2006. Because petitioner's state application for habeas corpus relief was not filed until August 23, 2006, after the expiration of the January 20, 2006 deadline, the

4

tolling provisions found in § 2244(d)(2) does not apply. <u>Scott v. Johnson</u>, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

Petitioner has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner. 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously. 28 U.S.C. § 2244(d)(1)(C), (D). Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to timely file his petition. <u>Fisher v. Johnson</u>, 174 F.3d 710, 714 (5th Cir. 1999).

In his response to the Court's Order to file a written statement addressing the limitations bar and equitable tolling, petitioner challenges the constitutionality of the AEDPA on grounds that it violates due process and equal protection of the law. (Docket Entry No.7). The courts, however, have rejected the claim that § 2244 is unconstitutional. See <u>Molo v. Johnson</u>, 207 F.3d 773, 775 (5th Cir. 2000) (AEDPA does not violate suspension clause); <u>Turner v. Johnson</u>, 177 F.3d 390, 391-93 (5th Cir. 1999) (AEDPA does not violate suspension clause or due process); <u>Davis v. Johnson</u>, 158 F.3d 806, 811 (5th Cir. 1998) (AEDPA does not violate *ex post facto* clause); <u>Dickerson v. Stalder</u>, 975 F.Supp. 831, 833 (E.D. La. 1997) (observing that adequate notice of limitations

5

period satisfies right to equal protection); <u>Lamkin v. Cockrell</u>, Civil Action No.SA-02-0436, 2003 WL 22244962 (W.D. Tex. Sept. 30, 2003) (applying to First Amendment claims the Supreme Court's holding that procedural limitation is not subject to proscription under the Due Process Clause unless it offends a fundamental principle of justice). Moreover, petitioner states no facts to show that the application of AEDPA's statutory limitations period violated his rights to due process or equal protection.

"Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." <u>Rashidi v. American President Lines</u>, 96 F.3d 124, 128 (5th Cir. 1996). Petitioner fails to state any facts to show that he was prevented from timely filing his petition. Moreover, it is well-settled that equitable tolling is not warranted merely because a petitioner proceeds *pro se* and is not well-versed in the law. Neither unfamiliarity with the legal process nor "lack of representation during the applicable filing period merits equitable tolling." <u>Turner</u>, 177 F.3d at 392.

Accordingly, the Court finds that petitioner's federal petition is barred by the AEDPA's one-year limitation period and, therefore, this action is DISMISSED.

III. <u>CERTIFICATE OF APPEALABILITY</u>

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing

of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.; Beazley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Beazley, 242 F.3d at 263 (quoting Slack, 529 U.S. at 484); see also Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable; therefore, a certificate of appealability from this decision will not issue.

IV.  CONCLUSION

Accordingly, the Court ORDERS the following:

1. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

2. This cause of action is DISMISSED with prejudice.

3. A certificate of appealability is DENIED.

4. All pending motions, if any, are DENIED.

Signed at Houston, Texas, on June 27, 2007.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE